**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re | § | |
| | § | |
| CHRISTOPHER H. LOEFFLER, | § | |
| | § | |
| Debtor, | § | |
| | § | CIVIL ACTION NO. H-06-2745 |
| CHRISTOPHER H. LOEFFLER, | § | CIVIL ACTION NO. H-06-2966 |
| | § | |
| Appellant. | § | |

**ORDER OF DISMISSAL**

The Bankruptcy Rules provide that a party desiring to appeal from a final judgment of a bankruptcy judge to a district court must file a notice of appeal with the clerk of the bankruptcy court within ten days of entry of the contested order. BANKR. R. 8001(a), 8002(a). Additionally, within ten days after filing the notice of appeal, "the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." BANKR. R. 8006. Rule 8009(a)(1) of the Bankruptcy Rules require the appellant to file a brief with the district court "within 15 days after entry of the appeal pursuant to Rule 8007." BANKR. R. 8009(a)(1). Bankruptcy Rule 8001(a) allows the district court to dismiss an appeal if the appellant fails to take any step required under the rules for proper prosecution of an appeal. BANKR. R. 8001(a).

The appellate courts have affirmed dismissals of bankruptcy appeals for failure to comply with the rules. *See Int'l Bhd. of Teamsters v. Braniff Airways, Inc.*, 774 F.2d 1303

(5th Cir. 1985); *In Re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (affirming dismissal of a bankruptcy appeal because the appellant filed its designation of the record on appeal fifteen days late and did not request an extension until after the deadline had passed; noting that the only explanation offered was that the appellant's attorney was out of the country); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (affirming dismissal of appeal from bankruptcy court judgment because, without explanation, the plaintiffs failed to designate the record on appeal, file a statement of the issues, or file an appellate brief).

In these cases, the notices of appeal were filed on August 25, 2006 and September 20, 2006. No designation of record or brief has been received, and no request for an extension of time has been filed. These are the latest in a series of appeals Loeffler has filed from various bankruptcy proceedings, most of which have been dismissed first in the bankruptcy court and then by this court. The apparent absence of an intent to prosecute and noncompliance with the rules leads this court to dismiss these appeals as well.

SIGNED on November 7, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge